In re Robert Andrew GORDON, Jr., Leah Collins Gordon, Debtors.

DUCKTOWN BANKING COMPANY, Plaintiff,

v.

Robert Andrew GORDON, Jr., Defendant.

Bankruptcy No. 3–82–00843.
Adv. No. 3–82–0695.

United States Bankruptcy Court, E.D. Tennessee.

Dec. 20, 1982.

Mayo L. Mashburn, Cleveland, Tenn., for plaintiff.

Joe Costner, Costner & Green, Maryville, Tenn., for debtors.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

This proceeding involves the dischargeability of a debt owing to the Ducktown Banking Company (Bank), the Bank alleging that the debtor obtained a loan of money by the use of a materially false statement in writing. 11 U.S.C.A. § 523(a)(2)(B).[1] Trial was held November 15, 1982.

### I

On or about October 21, 1980, and January 18, 1981, the debtor negotiated two loans at the Bank totaling $23,830.00. On December 21, 1981, the debt had been reduced to $7,559.95 as the result of payments made by the debtor and the sale of a trailer with the purchaser assuming part of the debt. The present balance owing to the Bank is $8,681.78.

---

1. "(a) A discharge ... does not discharge an individual debtor from any debt—

.   .   .   .   .

(2) for obtaining money, property, services, or an extension renewal, or refinance of credit, by—

.   .   .   .   .

(B) use of a statement in writing—
(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive; 11 U.S.C.A. 523(a)(2)(B).

**658**

On October 21, 1980, when the debtor applied for the first loan, he furnished the Bank a financial statement showing total assets of $89,900.00, total liabilities of $4,308.25, and a net worth of $85,591.75. Included in the schedule of assets is 30 acres of unimproved and unencumbered real estate located in Gaston County, North Carolina, "assessed value $15,000.00," and debtor's "conservative estimate" of $15,000.00. It is this real estate that is the basis of the allegation of a false statement.

The debtor concedes that he owned no real estate in Gaston County, North Carolina. He was the owner with his father of two small parcels of land in Cherokee County, South Carolina, purchased at tax sales in 1958 for a total of $470.00. The debtor paid some $210.00 for his one-half interest in the property. The property is located on a dirt road in a rural area. It is steep and rocky.

The financial statement was filled out by the debtor's wife. The debtor testified that he signed the statement without reading it. He is a graduate of Duke University Law School and has served as a trust officer with various banks for fourteen years.

The Bank officers, Mrs. Long and Mr. Panter, both testified that they relied upon the statement in making the loans to the debtor.

## II

There can be no doubt but that the statement is materially false. The debtor owned no real estate in Gaston County, North Carolina, and certainly owned no real estate anywhere of a "conservative" value of $15,000.00. His testimony that he signed the statement which was prepared by his wife "without reading it" cannot excuse him from furnishing the Bank with a materially false statement. The totality of the circumstances surrounding the loan presents a picture of deceptive conduct on the part of the debtor. He is a .law school graduate and has many years' banking experience. He is thoroughly familiar with the use of financial statements by banking officials. The statement was furnished to the Bank with an intent to deceive. The Bank's reliance upon the statement was reasonable.

The debt is nondischargeable.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.